United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

NATHANIEL YANCEY,

Defendant.

Case No.: CR 06-00011-CW (KAW)
CR 12-00777-CW (KAW)

**ORDER REGARDING REQUESTS FOR IN CAMERA REVIEW OF PERSONNEL RECORDS**

On April 30, 2013, the district court issued three subpoenas duces tectum for law enforcement personnel records from the Milpitas Police Department (Dkt. No. 26), the Richmond Police Department (Dkt. No. 27), and the Contra Costa County Sheriff's Department (Dkt. No. 28). Attached to each subpoena was a copy of General Order 69, which governs the process for subpoenaing and using personnel or complaint records of state law enforcement officers testifying in federal court.

In response, all three law enforcement agencies produced the documents to the court and requested that the district court conduct an in camera review of all records to determine whether the documents should be disclosed to Defendant's counsel. The district court referred all three productions to the undersigned to determine how to proceed. (Dkt. Nos. 34-35, 37.)

Adopted in 2012, the purpose of General Order No. 69 is to "minimize the need for judicial review of subpoena requests and documents produced pursuant to subpoena requests" because "it offers local law enforcement agencies the protection of an automatic protective order, a mechanism for return of records, and an assurance that the Court will rule on the admissibility of any records in advance of a hearing." All three law enforcement agencies were provided with a copy of General Order No. 69, which outlined the procedure to contest disclosure. None of the agencies filed a motion to quash.

Accordingly, the use of the records previously provided to the Court will be produced to defense counsel pursuant to the model protective order attached to General Order No. 69. Defense counsel, as the requesting party, shall produce copies to the Government or make the records available for inspection and duplication. The parties may not use the records in any court proceeding or otherwise disclose any portion of the records or their contents without a court order. At the conclusion of the case, including the final disposition of an appeal of any conviction, the parties shall return the records to the court or the producing agency.

**IT IS SO ORDERED.**

Dated: May 23, 2013

KANDIS A. WESTMORE
United States Magistrate Judge